# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Chong Hun Cook,

    Plaintiff,

v.

Government of Columbus, Ohio, *et al.*,

    Defendants.

Case No. 2:18-cv-354

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Chong Hun Cook ("Plaintiff") files this lawsuit *pro se* against "Government of Columbus, Ohio," her former husband, Ron A. Cook ("Mr. Cook"), "Local Police Station Police & City Police"; "Public Prosecutor 'Criminal Division'"; The Supreme Court of Ohio; "David Fox (Grand Jury obligator)"; "In The Court Pleas of Franklin County, Ohio 'Juvenile Division'"; "Christina Cook (Children's Hospital)"; "Court of Common Pleas. Scioto County, Ohio. 'Domestic Relations Division'"; Franklin County Sheriff's Office Sheriff James A. Karnes; "In The Court Of Common Please Columbus, Franklyn County, Ohio. 'Juvenile Division'"; George Schumann ("Court of Common Pleas. Scioto County, Ohio. 'Domestic Relations Division'"); and Nationwide Children's Hospital.[1] Compl., ECF No. 1.

---

[1] The Court notes that it is especially difficult to discern who the defendants even are in this case. For example, the Complaint lists the Franklin County Court of Common Pleas as a defendant twice, and one summons appears to list that entity as a defendant even though the summons was sent to Gerrity & Burrier, Ltd. and Timothy D. Garrity. *See* ECF No. 13. Timothy Garrity and the law firm of Gerrity & Burrier, Ltd. has filed a motion to dismiss claims against *them*, even though neither is listed as a defendant on

Various Defendants move for judgment on the pleadings under Rule 12(c) or to dismiss under Rule 12(b)(6). ECF Nos. 13, 24, 25. Plaintiff moves for settlement of her claims. ECF No. 32.

## I. FACTS

As best the Court can discern, Plaintiff alleges that her former husband, Mr. Cook, sexually abused their children for years but that Plaintiff was arrested when she reported the abuse to the police. She alleges that the police failed to prosecute Mr. Cook and that the Ohio courts failed to grant her judgment in any cases she brought against him. She further alleges that her daughter, Christina Cook, was seen by Nationwide Children's Hospital for the abuse but that the hospital "did not fulfill their legal obligations to file with the police on this rape case." Compl. ¶ 6, ECF No. 1.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir. 2013); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549

---

the Court's docket. This is just one example of the confusion that abounds with this case.

(6th Cir. 2008). A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted).

Furthermore, a court must "construe the complaint in the light most favorable to the plaintiff." Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." Twombly, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged." Id. at 557–58 (internal citations omitted).

"In considering a motion for judgment on the pleadings, a court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Waters v. Drake*, 105 F. Supp. 3d 780, 788 (S.D. Ohio 2015) (citing Fed. Rs. Civ. P. 12(c), 7(a), and 10(c)) (additional citations omitted).

### III.  ANALYSIS

#### A. Nationwide Children's Hospital

Nationwide Children's Hospital moves to dismiss the Complaint for lack of standing, failure to state a claim, statute of limitations, and failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). Mot. Dismiss, ECF No. 13.

The nature of Plaintiff's claim against Nationwide Children's Hospital is indeed unclear. She does not state the legal basis of her claim and cites no statute or constitutional right that the hospital allegedly violated. Although Plaintiff did file a civil cover sheet, she marked all of the following as the nature of her suit: Contract (recovery of Overpayment & Enforcement of Judgment), Torts (Health Care/Pharmaceutical, Personal Injury, Product Liability), Civil Rights (Other Civil Rights), Civil Rights (Employment), Civil Rights (Housing/Accommodations), Civil Rights (Education), Prisoner Petitions (Civil Rights), Other Statutes (Administrative Procedure Act/Review or Appeal of Agency Decision and Constitutionality of State Statutes). Civil Cover Sheet, ECF

No. 1-2. The Civil Cover Sheet thus does not aid in discerning any of her claims against any Defendant.

The Court agrees that Plaintiff's claim against Nationwide Children's Hospital must be dismissed because the Complaint fails to tie her factual allegations against the hospital to any viable cause of action. To the extent Plaintiff sues Nationwide Children's Hospital under 42 U.S.C. §1983, the Court dismisses the claim for failure to sue a person acting under color of state law and failure to allege the deprivation of a federal right. *See Parilla-Kearney v. Nationwide Children's Hosp.*, No. 2:17-cv-232, ECF No. 10 (S.D. Ohio July 13, 2017) (dismissing any § 1983 cause of action against Nationwide Children's Hospital because the hospital is not a state actor). Any § 1983 claim against Nationwide Children's Hospital is dismissed with prejudice.

To the extent Plaintiff sues Nationwide Children's Hospital for a violation of Ohio Revised Code Section 2151.421 (failure to report abuse), she lacks standing. Even assuming the statute's civil liability provision covers the alleged inaction by Nationwide Children's Hospital,[2] the statute expressly states that violators of the statute are "liable for compensatory and exemplary damages *to the child who would have been the subject of the report that was not made.*"

---

[2] Civil liability was added in 2009, which appears to be after most of the events underlying this lawsuit occurred. Ohio Rev. Code § 2151.421(M) (Effective April 7, 2009 to October 5, 2009); *Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St. 3d 399 (Ohio 2009) (holding that the 2009 amendment providing for civil liability was not retroactive); *Boske v. Massillon City Sch. Dist.*, No. 2010-CA-120, 2011 WL 444175 (Ohio Ct. App. 9th Dist. Feb. 7, 2011).

Ohio Rev. Code § 2151.421 (emphasis added). Plaintiff does not bring this claim on behalf of her daughter, who is now thirty-one years' old, but rather brings the claim on her own behalf. See Compl. 1, ECF No. 1-1. Any claim for failure to report under Ohio Revised Code Section 2151.421 is therefore dismissed with prejudice.

As the Court has concluded that any claim against Nationwide Children's Hospital under § 1983 or Ohio Revised Code Section 2151.421 must fail, and because the Court cannot discern any other cognizable claim that Plaintiff's Complaint sufficiently states, the Court **GRANTS** Nationwide Children's Hospital's motion and **DISMISSES** Plaintiff's Complaint against Nationwide Children's Hospital **WITH PREJUDICE**.

### B. County Defendants

James Karnes, George Schuman,[3] "In The Court Of Common Please Columbus, Franklyn County, Ohio. 'Juvenile Division'"; Franklin County Common Pleas Court, "Local Police Station Police & City Police", and "Public Prosecutor 'Criminal Division'" (collectively, "County Defendants") also move to dismiss Plaintiff's claims against them. ECF No. 24.

The Complaint makes no specific factual allegations with respect to Sheriff Karnes. It does allege however that "the police" wrongfully arrested her. Compl., ECF No. 1-1.

---

[3] The Complaint and docket spell his name as George Schumann.

It alleges that the "Public Prosecutor 'Criminal Division'" refused to prosecute a case against Mr. Cook. *Id.*

The Complaint further alleges that Mr. Schuman was the guardian ad litem for at least one child and that he threatened that Plaintiff would be jailed if she did not bring her children from LA to Ohio to be with their father. Compl. ¶ 10, ECF No. 1.

Plaintiff further seems to allege that the Franklin County Court of Common Pleas made certain erroneous decisions and failed to perform its duty in unspecified court cases. *Id.* ¶ 5 ("The officials of Ohio State didn't implement their duty faithfully on the case; they were indifferent or ignore about the truth of the case and did not make the case resolving progress."); *see also e.g.*, Compl., ECF No. 1-1 at PAGEID # 12 ("However, the Judge of court, prosecutor and police of the authorities of Ohio didn't perform of their duties in fair deal on the critical matter, they assumed the attitude of an onlooker and measuring of the case wrongfully that they rather performed to give a credit in favor of the criminal RON A. COOK absurdly, instead of that they should perform to protect the victim."). County Defendants interpret Plaintiff's Complaint as bringing claims under § 1983 and argue the Complaint fails to state a claim. The Court agrees.

To the extent Plaintiff brings a claim against Sheriff Karnes or an assistant prosecutor for failing to prosecute Mr. Cook, she has not identified any federally-protected right that the failure to prosecute violated. To the extent she makes a conclusory allegation that she was wrongfully arrested, her Complaint contains

only threadbare recitals and a legal conclusion and lacks any facts to make a Fourth Amendment claim plausible. Moreover, she fails to cite any allegations regarding Sheriff Karnes' personal involvement (thus failing to state any claim against him in his individual capacity) and fails to allege the existence of any policy to support a claim for damages under *Monell*.

The basis of her § 1983 claim against Mr. Schuman is unclear, and the single factual allegation regarding Mr. Schuman fails to state a claim that the Court can readily discern. In any event, Mr. Schuman is entitled to absolute immunity for actions taken in his role as guardian ad litem. *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) ("A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.").

Plaintiff's Complaint fails to state any cognizable claim against the Franklin County Court of Common Pleas (or any individual judges thereof). Moreover, it appears that any such claim would be barred by *Rooker-Feldman* as Plaintiff seems to be essentially appealing various decisions of the court. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

Additionally, the Court agrees with County Defendants that any Franklin County Common Pleas judges and assistant prosecutors who Plaintiff may have attempted to sue in their individual capacities are entitled to absolute immunity

for judicial/prosecutorial actions and that Plaintiff's Complaint fails for this reason as well.[4] "'It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.'" *Hanner v. City of Dearborn Heights*, No. 09-1418, 2011 WL 5839648, at *4 (6th Cir. Nov. 22, 2011) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). "'A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction.'" *Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004) (quoting *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985)). There is no allegation in the Complaint that any judge acted in the complete absence of jurisdiction or performed a non-judicial act. Likewise, prosecutors enjoy absolute immunity in § 1983 suits for actions that constitute an integral part of the judicial process, such as "initiating a prosecution and . . . presenting the State's case . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Finally, the Court agrees with County Defendants that, although it is difficult to decipher from the Complaint when the complained-of actions took place, from the dates referenced in the Complaint, it does appear that any § 1983 claims would be barred by the two-year statute of limitations.

---

[4] Eleventh Amendment immunity would bar any official-capacity claims for damages. **Error! Main Document Only.**Cady v. Arenac Cty., 574 F.3d 334, 342 (6th Cir. 2009) ("The Eleventh Amendment bars §1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." (internal citation omitted)).

For the foregoing reasons, Plaintiff's claims against County Defendants are **DISMISSED WITH PREJUDICE**.

### C. Gerrity & Burrier, Ltd. and Timothy D. Gerrity

To the extent the Complaint alleges any claims against these entities and they have been properly served with the same, they move to dismiss. ECF No. 25.

Although the Complaint does not seem to list either as a defendant, it does allege that Mr. Gerrity "did not file a complaint with the police, thus only wasting lawyer's fee." Compl. ¶ 9, ECF No. 1. Plaintiff also alleges Mr. Gerrity 'threatened [her] with no reason." Compl., ECF No. 1-1 at PAGEID # 8. She states he "asked the police and the prosecutors(DA officer) for visibility." *Id.* at PAGEID # 11.

As a primary matter, the Court agrees that, as a private actor, Plaintiff cannot state any § 1983 claim against Mr. Gerrity (or his law firm). Moreover, for the same reasons addressed above, it appears that any such § 1983 claim would be time-barred. The Court can discern no other federal cause of action sufficiently alleged in the Complaint.

Further, to the extent the Complaint can be construed as raising a claim under Ohio Revised Code Section 2151.421 for failure to report sexual abuse, the Court has explained above that Plaintiff lacks standing to bring such a claim.

To the extent the Complaint alleges a malpractice claim,[5] it is barred by the statute of limitations. Ohio Rev. Code § 2305.11(A) (one year statute of limitations for legal malpractice claim); *Illinois Nat'l Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, No. 10AP-290, 2010 WL 4926572, at *3 (Ohio Ct. App. 10th Dist. 2010) ("Claims arising out of an attorney's representation, regardless of their phrasing or framing, constitute legal malpractice claims that are subject to the one-year statute of limitations set forth in R.C. 2305.11(A)." (citations omitted)). Even construing the Complaint liberally, Plaintiff fails to allege any acts by Mr. Gerrity or his firm that occurred within one year prior to filing suit.

Plaintiff's claims, if any, against Timothy D. Gerrity and Gerrity & Burrier, Ltd. are therefore **DISMISSED WITH PREJUDICE**.

### D. Plaintiff's Motion for Settlement

Plaintiff moves for compensation, stating that she cannot wait for other cases on the Court's docket to be decided before she receives her compensation. ECF No. 32. The Court **DENIES** Plaintiff's motion.

---

[5] "An action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App. 3d 89, 89–90 (Ohio Ct. App. 10th Dist. 1982) ("Malpractice by any other name still constitutes malpractice.").

### E. Status of Case

Defendant Fox has filed an Answer in this case and has not filed a dispositive motion. Nonetheless, the only allegations about Mr. Fox state, "They did not conduct any faithful law enforcement by roughly examining the case with irresponsible attitudes," Compl. ¶ 4, ECF No. 1; Compl., ECF No. 1-1 at PAGEID # 7 (same), and "At that time, the David Fox (investigator & Obligator) gave the number to arrest, and the police said Ron A Cook was named Ron E Cook on the file, therefore they did not arrest him. In the result, Chong Hun Cook and her children got devastating mental injuries and the destruction of her family." Compl., ECF No. 1-1 at PAGEID # 7.

These factual allegations do not state any cognizable claim against Mr. Fox. The Court therefore *sua sponte* dismisses Plaintiff's claims against him. *See serif-lee: tugrul v. Weiner*, No. 1:15-cv-657, 2016 WL 1253558, at *5 (S.D. Ohio Feb. 29, 2016) ("A district court may *sua sponte* dismiss a complaint, even when the filing fee has been paid, at any time for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) where the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." (internal quotation marks and citations omitted)), *R&R adopted by* 2016 WL 1253247.

Defendants "Government of Columbus, Ohio," Mr. Cook; The Supreme Court of Ohio; and "Court of Common Pleas. Scioto County, Ohio. 'Domestic Relations Division'" were never properly served despite the fact that Plaintiff was

ordered to show cause and has had over a year to perfect service of process. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** all claims against those Defendants pursuant to Federal Rule of Civil Procedure 4(m).

## IV. CONCLUSION

The Clerk shall enter judgment in favor of Nationwide Children's Hospital; "Local Police Station Police & City Police"; "Public Prosecutor 'Criminal Division'"; "In The Court Pleas of Franklin County, Ohio 'Juvenile Division'"; "Christina Cook (Children's Hospital)"; Franklin County Sheriff's Office Sheriff James A. Karnes; "In The Court Of Common Please Columbus, Franklyn County, Ohio. 'Juvenile Division'"; and George Schuman ("Court of Common Pleas. Scioto County, Ohio. 'Domestic Relations Division'"). The Clerk shall terminate ECF Nos. 13, 24, 25, and 32 from the Court's pending motions list and terminate this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**